# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MACKRAY BLAND,**

    **Plaintiff,**

  **v.**                                            Case 17-CV-536

**BANK OF AMERICA et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On April 14, 2017, Mackray Bland filed a petition for an injunction against Bank of America. (Docket # 1.) Upon my review of Bland's motion to proceed *in forma pauperis*, I dismissed Bland's complaint for failure to state a claim. (Docket # 4.) Shortly after the order dismissing the complaint, Bland filed an amended complaint. (Docket # 8.) Consequently, I vacated the order dismissing the complaint and allowed Bland's amended complaint to be the operative complaint. Now before me is Bank of America's motion to dismiss Bland's amended complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Although Bland and Bank of America have consented, because defendant Alan Wyskochil has not yet appeared and had an opportunity to consent to magistrate judge jurisdiction, I will issue a report and recommendation regarding Bank of America's motion to dismiss Bland's amended complaint. *See Coleman v. Labor and Industry Review Comm'n of the State of Wis.*, __ F.3d __, Case No. 15-3254, 2017 WL 2609229 (7th Cir. June 16, 2017).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must satisfy Rule 8(a) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief . . . in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley vs. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, the allegations must suggest that the plaintiff is entitled to relief beyond the speculative level. *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 777 (7th Cir. 2007). I must construe the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). However, in deciding a motion to dismiss, I am not bound to accept as true legal conclusions couched as facts. *Bonte v. U.S. Bank*, N.A., 624 F.3d 461, 465 (7th Cir. 2010).

Bland's amended complaint suffers the same deficiency as his original complaint. Even construing the amended complaint liberally and reading it in the light most favorable to Bland, as I must, the amended complaint does not allege a recognizable claim. Bland vaguely alleges that Bank of America, acting in concert with defendant Wyskochill, falsified mortgage documents. Similar to the original complaint, Bland seeks to stop a foreclosure and eviction order entered by Milwaukee County Circuit Court. As I explained in the order dismissing the original complaint, federal court is different from state court. Unlike state courts, which are courts of general jurisdiction, federal district courts are courts of limited jurisdiction. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Federal district court may entertain cases only where jurisdiction is authorized by the Constitution or by federal statute. *Turner/Ozanne v.*

*Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Federal court does not serve as appellate review for state court. I am, therefore, obliged to dismiss Bland's complaint for failure to state a claim.

Because I dismiss Bland's amended complaint for failure to state a claim, I need not address the Rooker-Feldman argument raised by Bank of America.

**NOW, THEREFORE, IT IS RECOMMENDED** that defendant's motion to dismiss for failure to state a claim (Docket # 14) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED WITH PREJUDICE**

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 10th day of October, 2017.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge