UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MACKRAY BLAND,

        Plaintiff,

    v.                                       Case No. 17-cv-536-pp

BANK OF AMERICA NA,
ALAN WYSKOCHIL,
and JOHN DOE,

        Defendants.

## ORDER ADOPTING RECOMMENDATION (DKT. NO. 17), GRANTING MOTION TO DISMISS (DKT. NO. 14) AND DISMISSING CASE

On April 14, 2017, the plaintiff filed a motion, asking the court to issue a preliminary restraining order barring the Milwaukee County Circuit Court from ruling in Federal Nat'l Mortgage v. Estate of Mackray Holifield, *et al.*, Milwaukee County Circuit Court Case No. 2014cv006378, and staying foreclosure, sheriff's sale and eviction proceedings. Dkt. No. 1. Magistrate Judge Nancy Joseph denied as moot the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4. In the process, she reviewed the plaintiff's claims, and concluded that he had not stated any claims for which a federal court could grant relief; as far as she could tell, the plaintiff was trying to appeal a judgment issued in *state* court. Id. at 2. For this reason, the judge dismissed the plaintiff's case without prejudice. Id. at 3.

On May 17, 2017, the court received from the plaintiff a motion for reconsideration. Dkt. No. 6. In that motion, the plaintiff described what he perceived to be flaws in the mortgage contract for the property that had been foreclosed in the state court case, and argued that those facts showed that he had been denied federal due process. Id. at 1-2. Judge Joseph denied that motion, again finding that the plaintiff had not stated any claims that would entitle him to federal relief. Dkt. No. 7. She noted, however, that he could file an amended complaint if he thought he could state such claims. Id. On May 30, 2017, the plaintiff filed an amended complaint. Dkt. No. 8. Judge Joseph vacated the prior order of dismissal, and allowed the plaintiff to proceed on the amended complaint. Dkt. No. 9.

Some forty-five days later, on July 17, 2017, defendant Bank of America filed a motion to dismiss. Dkt. No. 14. Under this court's rules, the plaintiff had twenty-one days—in other words, until August 7, 2017—to oppose the motion to dismiss. Despite that fact, the plaintiff has not filed anything else since Bank of America filed its motion.

On October 10, 2017, Judge Joseph issued a report and recommendation to this court. Dkt. No. 17. She recommended that this court grant the defendant's motion to dismiss based on the plaintiff's failure to state a claim. Id. at 3. She concluded that the plaintiff's amended complaint had the same problem as his original complaint. She indicated that the amended complaint "vaguely allege[d]" that Bank of America, acting in concert with a notary public named Alan Wyskochil, falsified mortgage documents. Id. at 2.

The judge explained that federal and state courts were different, and that a person who had lost a case in state court could not appeal that loss in federal court. Id. at 2-3. Because Judge Joseph perceived that the plaintiff was trying to appeal the loss of his state foreclosure case in federal court, she recommended that this court dismiss the case. Id. at 3.

At the end of her decision, Judge Joseph informed the plaintiff that if he wanted to object to her recommendation, he had to file that objection in writing within fourteen days of the date of her order. Id. at 3. Because she issued her order on October 10, 2017, the plaintiff's objections (if he had any) were due by October 25, 2017. The court has not received any objection from the plaintiff.

Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court must decide only whether Judge Joseph's report and recommendation were clearly erroneous. The court concludes that they were not.

In the amended complaint, the plaintiff alleged that the notary public, "acting under the color of law," and Bank of America engaged in a conspiracy to deprive him and his deceased grandfather of their property in violation of the Fifth Amendment to the U.S. Constitution. Dkt. No. 8. He asserted that the notary public and the bank falsely verified a loan document, to cover up the fact that the originator of the loan had manipulated the plaintiff's "elderly illiterate grandfather by subjecting him to predatory lending absent federally

3

mandated counseling." Id. The plaintiff asked the court to issue a restraining order barring "the lower court" from "implementing any further actions in case #14CV6378," "staying foreclosure, Sheriff's Sale, and all eviction processes pending an Order of adjudication from this Court." Id. He also argued that he had been damaged by the defendants' actions, and he asked for $286,000 in monetary damages, injunctive relief "vacating the lower court's foreclosure," and an award of clear title to the property foreclosed upon in state court. Id.

A review of the on-line docket shows that on October 24, 2016, Milwaukee County Circuit Court Judge David Hansher entered a default judgment of foreclosure. Federal Nat'l Mortgage v. Estate of Mackray Holifield, et al., Milwaukee County Circuit Court Case No. 2014CV006378 at dkt. no. 49, found at https://wcca.wicourts.gov. The judgment issued on October 27, 2016. Id. at dkt. no. 44. The notice of sheriff's sale was dated January 30, 2017. Id. at dkt. no. 35. On March 24, 2017, the plaintiff (representing himself) filed a motion to vacate the foreclosure and sheriff's sale. Id. at dkt. no. 34. The sheriff filed the report of sale on April 12, 2017. Id. at dkt. no. 28. The court granted confirmation of the sale on April 24, 2017. Id. at dkt. nos. 19, 17. The court also struck the plaintiff's motion to vacate. Id. at dkt. no. 18.

Having unsuccessfully tried to convince the state court to vacate its own foreclosure judgment and the confirmation of the sheriff's sale, the plaintiff has come to the federal court, and asks the federal court to vacate the state court's orders. The law does not allow this court to do what the plaintiff asks. As Judge Joseph mentioned in her order, the state court system and the federal

court system are separate, independent court systems. The state court is not a "lower court" of this court—it is a completely separate court in and of itself. This court does not have authority to act as an appellate court for the state court, or to overturn decisions by a state court.

The Supreme Court made this clear in a pair of cases called Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Together, those two decisions created the "Rooker-Feldman doctrine," which "divests all federal courts except the Supreme Court of jurisdiction to adjudicate suits by plaintiffs who effectively seek review and rejection of an adverse state-court judgment." Podemski v. U.S. Bank Nat'l Assn., 2017 WL 4792195 (7th Cir. Oct. 24, 2017).

This is true regardless of whether the state court was right or wrong. "The reason a litigant gives for contesting the state court's decision cannot endow a federal district court with authority; that's what it means to say that the Rooker-Feldman doctrine is jurisdictional." Iqbal v. Patel, 780 F.3d 728, 729 (7th Cir. 2015)). Even if the state court was completely wrong in making the decision that it made, the Rooker-Feldman doctrine prohibits this federal court from overturning that decision.

Appearing to realize from Judge Joseph's first decision that this might be the case, the plaintiff tried to state his claim differently in the amended complaint. In the amended complaint, he added the allegation that the defendants had acted under color of state law to deprive him of his rights

under the Fifth Amendment.[1] This appears to be an attempt by the plaintiff to cast his case as a civil rights case under 42 U.S.C. §1983. Setting aside the facts that neither the Bank of America nor the notary defendant are state actors, and that the plaintiff has asserted no facts to indicate that the government took the plaintiff's property for public use, the Seventh Circuit has held that a plaintiff may not circumvent Rooker-Feldman by recasting his suit as a civil rights action. Louis-Kenny-Reed: El v. Makowiecki, 2011 WL 5149469, * 1 (7th Cir. Nov. 1, 2011).

For all of these reasons, the court finds that Judge Joseph's recommendation that this court dismiss the plaintiff's case was not clearly erroneous.

The court **ADOPTS** the recommendation of the magistrate judge that it grant defendant Bank of America's motion to dismiss the case. Dkt. No. 17.

The court **GRANTS** defendant Bank of America's motion to dismiss. Dkt. No. 14.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief can be granted. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30** days of the entry of judgment.

---

[1] The "Takings Clause" of the Fifth Amendment to the United States Constitution prohibits the government from taking private property for public use without just compensation.

See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of October, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**